# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **AMBROSE DANCY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:13-CV-918-VEH |
| | ) |
| **VOELSTALPINE NORTRAK INC.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

This employment discrimination action was filed on May 14, 2013, by the plaintiff, Ambrose Dancy, against VAE Nortrak North America, Inc. (Doc. 1). On July 12, 2013, the plaintiff amended his complaint to correct the name of the defendant to Voelstalpine Nortrak Inc. (Doc. 12). The Amended Complaint alleges race discrimination in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* (Count One); age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 28 U.S.C. § 623, *et seq.* (Count Two); and interference with rights and/or retaliation under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2611, *et seq.* (Count Three). All counts arise out of the plaintiff's termination from employment with the defendant.

This case comes before the court on the defendant's motions to dismiss the

Title VII and ADEA claims, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted. (Docs. 9, 13). For the reasons stated herein, the motions will be **DENIED**.

**I.    STANDARD**

"[A] court should only grant a motion to dismiss [under Rule 12(b)(6)] where the defendant demonstrates that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). "Moreover, when ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts [and reasonable inferences drawn from those facts] as true." *Id*. (emphasis added). A court looks to the facts alleged in the plaintiff's complaint, and not its merely conclusory statements, when ruling on a motion to dismiss. Thus, to survive a motion to dismiss for failure to state a claim, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 1965. Mere conclusory statements in support of a threadbare recital of the elements of a

cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

## II. ANALYSIS

### A. Timeliness of the EEOC Charge

The defendant's motions[1] claim that the Title VII and ADEA claims are time barred because the EEOC charge was not timely filed, and was not executed. The defendant has now abandoned this argument.[2] (Doc. 17 at 3). "[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S. Ct. 1127, 1132, 71 L. Ed. 2d 234 (1982); *see also, Bourne v. Sch. Bd. of Broward Cnty.*, 508 F. App'x 907, 909 (11th Cir. 2013) *cert. denied*, 133 S. Ct. 2836 (U.S. 2013) ("Title VII's timely-filing requirement is non jurisdictional[.]"). Since this argument has been abandoned, and since the issue does not impact this court's

---

[1]The motions are identical. Document 9 addressed the initial complaint. Document 13 addresses the Amended Complaint.

[2]In response to the motions, the plaintiff submitted evidence that he faxed the signed charge to the EEOC on February 17, 2012, which would have made it timely. "The Commission repeatedly has treated the date of a facsimile transmittal as the date a document is filed with the Commission even though the Commission's regulations do not expressly provide for filing by facsimile transmission." *Paul L. Deberry, Appellant,* EEOC DOC 01966379, 1997 WL 574705 at *2 (Sept. 4, 1997).

jurisdiction, the court need not consider it.

### B. Whether the Plaintiff Exhausted His Administrative Remedies With Regard to the ADEA Claim.

Count Two of the Amended Complaint alleges that the defendant discriminated against the plaintiff "in terms, conditions, and privileges of employment on the basis of his age in violation of the [ADEA]." (Doc. 12 at 5). The only such violation factually identified in the complaint is the plaintiff's termination. The plaintiff's response to the motion to dismiss discusses this claim only in terms of the termination. (Doc. 15 at 11). Accordingly, the court views this count as a claim that the plaintiff was terminated in violation of the ADEA.

Before filing suit under the ADEA, a plaintiff must exhaust the available administrative remedies by filing a charge with the EEOC. *Anderson v. Embarq/Sprint*, 379 F. App'x 924, 926 (11th Cir. 2010); 29 U.S.C. § 626(d) (stating plaintiff must file age discrimination charge within 180 days after the alleged discrimination). The defendant argues that the plaintiff failed to exhaust his administrative remedies "because he did not raise [the ADEA] allegations in his [EEOC] Charge." (Doc. 13-1 at 7).

"The starting point of ascertaining the permissible scope of a judicial complaint alleging employment discrimination is the administrative charge and investigation."

4

*Alexander v. Fulton County,* 207 F.3d 1303, 1332 (11th Cir.2000). "A plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* (quotation omitted). "[J]udicial claims are allowed if they 'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint," but the Eleventh Circuit has also warned that "allegations of new acts of discrimination are inappropriate." *Gregory v. Ga. Dep't of Human Res.,* 355 F.3d 1277, 1279–80 (11th Cir.2004).

The defendant states that the "[p]laintiff's judicial claim of age discrimination is based upon new 'facts' that were not contained and would not reasonably 'grow' from the factual allegations in his EEOC charge." (Doc. 13-1 at 8) (citing doc. 12 at ¶¶ 16, 17, 18). The paragraphs to which the defendant refers read:

> 16. Plaintiff was replaced by a younger, white employee.
>
> 17. Plaintiff was subjected to less-favorable terms, conditions, and benefits of employment than younger and/or white employees of Defendant by Defendant's management.
>
> 18. Plaintiff was terminated because of his age, because of his race, in retaliation for his complaints of race discrimination and/or in retaliation for his use of leave covered under the FMLA. Plaintiff contends Defendant also interfered with his rights under the FMLA.

(Doc. 12 at ¶¶ 16, 17, 18).

The plaintiff states that, in his charge, he "does not allege any specific acts of

age discrimination," but insists that "any reasonable inquiry into the circumstances surrounding his termination could show age factored into his termination." (Doc. 15 at 11). The court agrees. Not only could an age discrimination investigation by the EEOC "reasonably be expected to grow out of" the plaintiff's charge, it would seem, under the circumstances, that it <u>must</u> grow out of this charge.

In the instant case, the plaintiff's charge checked the appropriate boxes for discrimination based upon "race," "retaliation," and "<u>age</u>." (Doc. 16-1 at 11). The defendant cites *Houston v. Army Fleet Servs., L.L.C.*, 509 F. Supp. 2d 1033, 1043 (M.D. Ala. 2007), and *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 462 (5th Cir. 1970) for the proposition that "checking the box alone" is not sufficient. (Doc. 13-1 at 10). However, the pending case is not a "checking the box alone" case.

The charge describes the discrimination as follows:

> Comes Now, Mr. Ambrose Dancy, Black Male, <u>over 40 years of age</u> and provides the following information in support of his charge filed with the Equal Employment Opportunity Commission based upon violation [sic] of Title VII, <u>the Age Discrimination in Employment Act</u>, As Amended [sic] and Retaliation on behalf of his employer for firing him based upon allegations that Mr. Dancy refuted, as well as his employer denying him the right to file a grievance and deny him unemployment compensation. [sic]
>
> (1) Mr. Dancy was employed with VAE Nortrak North America, fired on August 2, 2011 for allegedly conducting a dishonest act. Specifically accused of providing a falsified doctor's work excuse to avoid attendance points and any disciplinary process associated with those

points as outlined within the company's employee handbook. [sic]

(2) Mr. Dancy denies all allegations that the doctor's excuses were falsified and were provided by his treating doctor provided to his former employer. [sic]

(3) Mr. Johnny Myrick fired Mr. Dancy allegedly for falsifying documents and exceeding the permitted number of attendance points. However, Mr. Myrick did not investigate other white employee's doctor's excuses, nor fire them based upon his presumption of the excuses being [false].

Mr. Dancy reserves his right to amend this charge with additional relevant details, which will relate back to the incident of termination that lead [sic] up to and that occurred on August 24, 2011 in support of his position. [sic]

(Doc. 16-1 at 11). The defendant argues that the "[p]laintiff solely asserts that he was terminated due to his race." (Doc. 13-1 at 9). However, in its brief, it quotes only paragraphs numbered 1-3 above, and not the initial paragraph where the plaintiff describes himself as being "over 40 years of age,"[3] and specifically states that his employer's conduct occurred in violation of the Age Discrimination in Employment Act.

Courts are "extremely reluctant to allow procedural technicalities to bar claims." *Sanchez,* 431 F.2d at 460-61. As such, the Eleventh Circuit has noted that

---

[3]"The prohibitions in [the ADEA are] limited to individuals who are at least 40 years of age." 29 U.S.C.A. § 631(a).

7

"the scope of an EEOC complaint should not be strictly interpreted." *Gregory*, 355 F.3d at 1280. "EEOC regulations provide that charges should contain, among other things, '[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices.'" *Swindle v. Hale*, 2:09-CV-1458-SLB, 2012 WL 4725579 at *20 (N.D. Ala. Sept. 30, 2012), *appeal dismissed* (Feb. 4, 2013) *(quoting A.M. Alexander v. Fulton County, Ga.,* 207 F.3d 1303, 1332 (11th Cir.2000) (internal citations omitted) *overruled on other grounds by Manders v. Lee,* 338 F.3d 1304, 1328 n. 52 (11th Cir.2003)). The instant charge specifically included specific dates and events and stated that the defendant's conduct was done in violation of the ADEA.

Although the charge does state that "Myrick did not investigate other white employee's," the inclusion of the age discrimination language in the first paragraph should have been sufficient to trigger a commission investigation into whether the plaintiff was also fired because of his age. The cases cited by the defendant did not include similar language. *See Houston*, 509 F. Supp. 2d 1033, 1045 (M.D. Ala. 2007) ("Even the most generous reading of the EEOC charge and investigatory file cannot support a finding that Houston in any way hinted at the existence of his retaliation claim [in his charge]."); *Swindle v. Hale*, No. 2:09-CV-1458-SLB, 2012 WL 4725579 at *20 (N.D. Ala. Sept. 30, 2012), appeal dismissed (Feb. 4, 2013)

("Plaintiff did not include in her EEOC charge any argument that she was retaliated against by having to work at the Bessemer office, that Deputy Arnold allegedly refused to provide her transportation, that she was denied medical care and leave, that Sheriff Hale did not respond to her grievance, or that Newton and Stone were returned to the Bessemer Division."). At the very least "under the liberal EEOC charge strictures of *Sanchez*," *Gregory*, 355 F.3d at 1280, an age discrimination investigation by the EEOC could reasonably be expected to grow out of the plaintiff's charge.

The motions to dismiss are **DENIED**.

**DONE** and **ORDERED** this 23rd day of August, 2013.

								/s/ VEHopkins
								**VIRGINIA EMERSON HOPKINS**
								United States District Judge